## CIRCUIT COURT OF SOUTHAMPTON COUNTY

Barry Thomas Brown

v.

Jerry L. Smith et al. etc.

March 22, 1996

Case No. CL95-141

BY JUDGE E. EVERETT BAGNELL

This suit involves a claim by the plaintiff, Barry Thomas Brown, an inmate in the Southampton County Jail, against three Southampton County sheriff's deputies seeking damages for a slip-and-fall accident which occurred in the jail.

According to the pleadings, this cause of action arose on June 18, 1993. The plaintiff filed his original motion for judgment on June 15, 1995, naming as defendants Vernie W. Francis, Jr., Sheriff, and "Deputy Sheriffs, John Does," and alleging simple negligence. Sheriff Francis filed a motion to dismiss on the ground of sovereign immunity, which was sustained on November 7, 1995, and the plaintiff was granted leave to amend his motion for judgment to name specific individual sheriff's deputies as defendants. The defendant filed an amended motion on November 22, 1995, naming sheriff's deputies Jerry L. Smith, W. B. Holland, and W. C. Bynam as defendants. The amended motion for judgment stated the same allegations of fact but this time alleged that they constituted gross negligence.

The four named defendants filed a demurrer and also pleaded the statute of limitations and sovereign immunity, all of which were heard on February 6, 1996.

I have reviewed the pleadings and memoranda of law and considered the arguments of counsel, and I grant the defendants' motion to dismiss the plaintiff's claims for the reason that the claims are barred by the statute of limitations.

The amended motion for judgment names four defendants and as such constitutes a new suit against those defendants. Since the applicable limitation of action is two years, the claims against the named defendants are time-barred.

Additionally, the amended motion for judgment alleges gross negligence, as opposed to simple negligence. This constitutes a new and separate claim, since the same evidence will not support both claims. Therefore, the amended claim of gross negligence is also time-barred.

While it is not necessary to rule on the demurrer or the claim of sovereign immunity, I would comment that the demurrer would fail because the amended motion for judgment does state a claim for which relief can be granted. I cannot hold that, as a matter of law, the facts stated cannot constitute gross negligence, although it would seem that plaintiff's burden of proof would be extremely difficult to sustain under the alleged facts.

As to the plea of sovereign immunity, I would deny the plea. The defendants have qualified immunity, and the plaintiff has alleged gross negligence, notwithstanding the difficulty in proving the same.

Mr. Dumville will prepare an appropriate order of dismissal.